# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

XAMONDRIA JONES,                    CASE NO: _____

      **Plaintiff,**

      vs.

OFFICER JACOB NOLAN KERNODLE ( #84676 )
and, OFFICER CURTIS PALUCSKA (#84993),
in their individual capacities,

      **Defendants.**

_____/

## COMPLAINT

### INTRODUCTION

1. Plaintiffs, XAMONDRIA JONES, (hereinafter referred to as "Plaintiff" or "Ms. Jones" or JONES), by and through her undersigned counsel and sues Defendants, OFFICER JACOB NOLAN KERNODLE, in his individual capacity (hereinafter referred to as "Defendant KERNODLE" or "KERNODLE"), and OFFICER CURTIS PALUCSKA, in his individual capacity (hereinafter referred to as "Defendant PALUCSKA" or

1

"PALUCSKA"),[1] and herein requests judgment of this Court declaring unconstitutional and unlawful certain actions of Defendants, which resulted in Plaintiff being deprived of her constitutional rights guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution and her rights under the Florida Constitution and Florida Law, and seeks damages from Defendants as compensation for the deprivation of her constitutional rights for an award of attorney's fees as authorized by law, all reasonable costs of this action, and for any other and further relief that this Court deems just and proper.

## PARTIES

2. Plaintiff is presently a resident of Duval County, Florida and at all material times herein was a resident of Duval County, Florida. Prior to this incident, Ms. Jones had never been arrested.

3. Ms. Jones is a thirty-three-year-old, single mother of three and at the time of the arrest, she was a gainfully employed as an account specialist in the collections department or a reputable financial institution.

---

[1] Collectively Officer Kernodle and Officer Palucska may be referred to as "Defendants" or as "the officers".

4. Defendant, KERNODLE, is a police officer who is (or was at the material times in the complaint), employed by the Jacksonville Sheriff's Office; is over the age of 18 and on information and belief is a resident in or conducts business in Duval County, Florida and is being sued in his individual capacity.

5. Defendant Kernodle had less than three years' experience at the time of the incident.

6. Defendant, PALUCSKA, is a police officer who is (or was at the material times in the complaint), employed by the Jacksonville Sheriff's Office; is over the age of 18 and on information and belief is a resident in or conducts business in Duval County, Florida and is being sued in his individual capacity.

7. Defendant Palucska had less than three years' experience at the time of the incident.

## VENUE AND JURISDICTION

8. The events giving rise to this complaint occurred or originated in Duval County, Florida and within the city limits of Jacksonville, Florida and is within the Middle District Court of Florida's jurisdiction.

9. This is an action for money damages for the injuries suffered by Plaintiff, XAMONDRIA JONES as a result of the DEFENDANTS' conduct, in violation of Plaintiff's civil rights, constitutional rights, and the rights guaranteed by the laws of the great State of Florida.

10. This is an action brought pursuant to *42 U.S.C. §1983*, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom or usage of any State or Territory ....subjects or causes to be subjected any citizen of the United States or others person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity or other proper proceeding for redress.

11. The *Fourth Amendment* to the United States Constitution guarantees "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures".

12. Florida Constitution, *Art. I, § 9*, guarantees the same rights.

13. This Court has jurisdiction over the federal claims pursuant to *28 U.S.C. §§ 1331* and *1343*. Supplemental jurisdiction is invoked over the state law claims under *28 U.S.C. § 1367.*

14.  Venue is proper in this District pursuant to *28 U.S.C. § 1391(b)*, where the events giving rise to the claims occurred within the Middle District of Florida.

4

## GENERAL ALLEGATIONS

15. On March 16, 2024, at approximately 0:53 a.m., Officer Kernodle and Officer C. Palucska #84993, according to Kernodle's incident report, was patrolling the Beach Blvd and Kernan Blvd. area of Jacksonville, Florida (Duval County) when they observed a Red 4 door 2018 Hyundai Sonata with tag number 57AKUX stopped at a "green traffic signal" for two signal cycles.

16. After blocking the vehicle with his patrol car, Kernodle "physically shook the listed vehicle, in an attempt to wake up the suspect. Eventually, the suspect, then woke up abruptly, unlocked her doors" and Kernodle *reached in the vehicle, and I turned the vehicle off and informed the suspect to exit the vehicle*.

17. At no time prior to this point does the arrest affidavit or the body camera video demonstrate either officer indicating they detected an odor of alcohol, saw blood shot eyes, heard slurred speech, etc. or any other indicia of impairment.

18. Ms. Jones was ordered out of the car and directed to walk to "the side of the roadway" where she was asked questions.

19. NO DUI investigation was commenced, and no traffic citation was prepared. More importantly, no EMT or medical personnel were called to check on Ms. Jones' condition, to see if she needed medical assistance.

20. Jones remained detained by Officer Kernodle and Officer Palucska, for more than twenty-four minutes while they waited for officer Dejesus, to appear at 01:20.

21. During this time, nothing was done to further the investigation into criminal activity or towards issuing a citation for a presumed traffic infraction. Even Officer Dejesus seemed perplexed as to why he was called to the scene where they did not speak spanish and two capable officers were present to conduct a DUI investigation, observed at 1:21 on BWC worn by Officer Dejesus.

22. Ms. JONES was finally informed bout the DUI investigation by Defendant Kernodle at approximately 27:50 and was asked to submit to FSE's 28:00 minutes after being asked to exit the vehicle.

23. Defendant KERNODLE makes no reference in his arrest affidavit about the twenty-five plus minutes Ms. JONES was seized, without a DUI investigation commencing or without being issued a traffic citation.

24. KERNODLE intentionally omits the material fact knowing a prolonged

traffic stop/DUI investigation is not permitted under the law and suppress of evidence would be the outcome.

25.    KERNODLE intentionally drafts the arrest affidavit to make it appear the encounter involved a continuous chain of events, devoid of lengthy delays.

26.    Ms. JONES was eventually arrested and charged with DUI.  She was booked in the Duval County jail at 12:53 a.m.

27.    As a result of the arrest, Ms. Jones driving privilege was suspended ten days after the arrest and remained in a suspended status until October 9, 2025.

28.    Ms. JONES was released on pretrial services, and as a condition of release, she was ordered to wear an alcohol ankle monitor and bear the expensive of such which was $91 per week.

29.    Ms. JONES had that condition of release imposed for 30 weeks  and the total cost to Ms. Jones was $2730.00

30.    Ms. JONES hired the services of Haynes Law to represent her in the criminal matter as well as in her DMV driver's license revocation hearing.

31.    Attorney Haynes filed a Motion to Suppress on May 28, 2024, based on the unreasonable delay in commencing the DUI investigation after Ms.

7

JONES was ordered out her car.

32. The hearing was held on June 5, 2024, before the Honorable Judge Scott F. Mitchell where the DEFENDANTS in this case testified and video footage from their respective body worn cameras were introduced into evidence.

33. On June 18, 2024, Judge Scott F. Mitchell entered an order GRANTING the motion to suppress. On the record the judge enunciated his legal reason for granting the motion. In part, Judge Mitchell stated:

> The real issue comes down to the extended detention for field sobriety testing, and this is a little bit of a more difficult situation for the State. Based on my research and the arguments made, I have to examine not only the delay when the clock starts ticking, that is when the DUI investigation begins until the actual field sobriety tests begins. In this case, by my calculations from reviewing the videotapes in my notes, give or take 25 minutes passed from when I believe the clock started, ticking on the DUI detention until the fields began. I'm aware there is case law that says the officer has the right to take the time necessary to issue a traffic citation. The problem the State has in this case, A no citation was written. B, there was no indication that the officers intended to write a citation. The evidence was clear to me. This became a DUI investigation almost immediately, upon the stop, and certainly at the time the Defendant was made to exit the vehicle during that timeframe. I have to also look at the actions of law enforcement and what they were doing to further the DUI investigation, following this case for the State, is essentially nothing happened during that timeframe. One officer, the officer who conducted the field sobriety examinations, apparently wanted to get another patrol

officer who was not a DRE, who was not a member of the DUI task force to come and I guess observe the field sobriety tests that he was going to give the time delay of 24 to 25 minutes for that purpose alone, guess past what all the case law, says is permissible. Worse than that, at about the 12- or 13-minute mark, a Sergeant arrived on the scene, there was no evidence to indicate the Sergeant was unable to either perform or assist in the performance in the field test, and that Sergeant simply left the scene delaying this for another 12 to 13 minutes. During that timeframe the officers continued to have informal conversation with the Defendant, and although not the purpose of this issue, I would note that no Miranda was given during any of that period of time until after 24, 25 minutes when the fields began. And there were some incriminating statements made by the Defendant, I think Mr. Haynes indicated that would be a separate motion. But at any rate, given the extended time of detention, given the fact that there was a Sergeant that could have done the fields, given the fact that during that timeframe the person that was asked to come to the scene was a patrol officer, just like the officer who performed the fields, I find the extended delay was excessive and violates Florida law. So, I'm going to grant the motion to suppress as to the extended detention only.

34. As a result of the suppression of evidence, the State of Florida filed a nolle prosequi on October 7, 2024, dropping the case.

35. The undersigned, on March 26, 2024, also submitted a Motion to Invalidate Suspension with the DMV seeking to have her driver's license suspension lifted.

36.   The Bureau of Administrative Review for the DMV conducted a hearing on September 9, 2025.  Hearing Officer Kyan Ware granted the motion and vacated Ms. JONES driver's license suspension.

37.   Due to the DEFENDANT'S arrest that occurred after the unreasonable and unlawful detention, the PLAINTIFF incurred expenses, that include but are not limited to:

a.   Bond in the amount of $2,503.00

b.   Alcohol ankle monitor fee $2,730

c.   Audio transcript fee $50

d.   Attorney's fees in the amount of $5,500.00

e.   DMV hearing fee $1,000.00

f.   Cost of PTSD treatment and counseling, *pending*

g.   Cost of expungement of criminal record $2500.00

**FEDERAL CONSTITUTIONAL CLAIMS**

COUNT I
*42 U.S.C. § 1983 & 1988*
UNLAWFUL AND UNREASONABLE DELAY IN VIOLATION OF THE
FOURTH AND FOURTEENTH AMENDMENTS TO THE U.S.
CONSTITUTION
(*Against Officer Kernodle*)

38.   PLAINTIFF, XAMONDRIA JONES, re-alleges and incorporates herein by

reference the allegations set forth in paragraphs 1 through 37 of this Complaint.

39. On or about March 16, 2026, DEFENDANT KERNODLE, acting in his individual capacity, while depriving PLAINTIFF of his rights under the Fourth Amendment to the United States Constitution, in violation of 42 U.S.C. §1983, in that DEFENDANT intentionally seized Ms. Jones for an unreasonable and unlawful amount of time without commencing a DUI investigation or issuing a traffic citation.

40. PLAINTIFF has the right under the United States Constitution and the Florida Constitution to be fee from unreasonable seizures.

41. DEFENDANT, knowingly and intentionally violated this right, and said violation was the catalyst of Ms. Jones' arrest.

42. PLAINTIFF has retained the undersigned counsel to bring this action under 42 U.S.C. §1983 and is entitled to recover a reasonable fee for said counsel, from DEFENDANT pursuant to 42 U.S.C. §1988.

43. PLAINTIFF suffered personal injuries and special damages as alleged in this Complaint and is entitled to relief under 42 U.S.C. §1983, these damages include but are not limited to: the violation of PLAINTIFF's Federal Constitutional rights, a deprivation of liberty, humiliation, physical inconvenience, pain and suffering, emotional damage, cost of criminal legal

11

representation, cost of bond, release from custody prior to release, cost of expungement of record, mental suffering and anguish, and all other damages associated with this intrusion.

**WHEREFORE**, PLAINTIFF XAMONDRIA JONES demands judgment for damages against DEFENDANT KERNODLE which include but are not limited to exemplary damages, cost of this action, and such other and further relief as the Court deems appropriate. Further, PLAINTIFF seeks an award of punitive damages to punish DEFENDANT for his conduct, which would deter DEFENDANT and others from such conduct in the future.

COUNT II
42 U.S.C. § 1983 & 1988
UNLAWFUL AND UNREASONABLE DELAY IN VIOLATION OF THE
FOURTH AND FOURTEENTH AMENDMENTS TO THE U.S.
CONSTITUTION
(*Against Officer Palucska*)

44. PLAINTIFF, XAMONDRIA JONES, re-alleges and incorporates herein by reference the allegations set forth in paragraphs 1 through 37 of this Complaint.

45. On or about March 16, 2026, DEFENDANT PALUCSKA, acting in his individual capacity, while depriving PLAINTIFF of his rights under the Fourth Amendment to the United States Constitution, in violation of 42 U.S.C. §1983, in that DEFENDANT intentionally seized Ms. Jones for an

12

unreasonable and unlawful amount of time without commencing a DUI investigation or issuing a traffic citation.

46. PLAINTIFF has the right under the United States Constitution and the Florida Constitution to be fee from unreasonable seizures.

47. DEFENDANT, knowingly and intentionally violated this right, and said violation was the catalysis of Ms. Jones' arrest.

48. PLAINTIFF has retained the undersigned counsel to bring this action under 42 U.S.C. §1983 and is entitled to recover a reasonable fee for said counsel, from DEFENDANT pursuant to 42 U.S.C. §1988.

49. PLAINTIFF suffered personal injuries and special damages as alleged in this Complaint and is entitled to relief under 42 U.S.C. §1983, these damages include but are not limited to: the violation of PLAINTIFF's Federal Constitutional rights, a deprivation of liberty, humiliation, physical inconvenience, pain and suffering, emotional damage, cost of criminal legal representation, cost of bond, release from custody prior to release, cost of expungement of record, mental suffering and anguish, and all other damages associated with this intrusion.

**WHEREFORE**, PLAINTIFF XAMONDRIA JONES demands judgment for damages against DEFENDANT PALUCSKA which include but are not limited to exemplary damages, cost of this action, and such other and further relief as the Court

13

deems appropriate. Further, PLAINTIFF seeks an award of punitive damages to punish DEFENDANT for his conduct, which would deter DEFENDANT and others from such conduct in the future.

COUNT III
42 U.S.C. § 1983 & 1988
INTENTIONAL OMISSION OF MATERIAL FACT IN
SWORN AFFIDAVIT IN VIOLATION OF THE FOURTH
AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION
(*Against Officer Kernodle*)

50. PLAINTIFF, XAMONDRIA JONES, re-alleges and incorporates herein by reference the allegations set forth in paragraphs 1 through 37 of this Complaint.

51. On or about March 16, 2026, DEFENDANT KERNODLE, acting in his individual capacity, while depriving PLAINTIFF of his rights under the Fourth Amendment to the United States Constitution, in violation of 42 U.S.C. §1983, in that DEFENDANT intentionally omitted material information from his arrest affidavit, for the purposed affecting the legal determination of the lawfulness of Ms. Jones' detention.

52. PLAINTIFF has the right under the United States Constitution and the Florida Constitution to be fee from unreasonable seizures.

53. DEFENDANT, knowingly and intentionally omitted from his arrest affidavit the duration of time that Ms. JONES was seized, prior to the commencement

of the field sobriety exercises.

54.    PLAINTIFF has retained the undersigned counsel to bring this action under 42 U.S.C. §1983 and is entitled to recover a reasonable fee for said counsel, from DEFENDANT pursuant to 42 U.S.C. §1988.

55.    PLAINTIFF suffered personal injuries and special damages as alleged in this Complaint and is entitled to relief under 42 U.S.C. §1983, these damages include but are not limited to: the violation of PLAINTIFF's Federal Constitutional rights, a deprivation of liberty, humiliation, physical inconvenience, pain and suffering, emotional damage, cost of criminal legal representation, cost of bond, release from custody prior to release, cost of expungement of record, mental suffering and anguish, and all other damages associated with this intrusion.

**WHEREFORE**, PLAINTIFF XAMONDRIA JONES demands judgment for damages against DEFENDANT KERNODLE which include but are not limited to exemplary damages, cost of this action, and such other and further relief as the Court deems appropriate.  Further, PLAINTIFF seeks an award of punitive damages to punish DEFENDANT for his conduct, which would deter DEFENDANT and others from such conduct in the future.

## <u>DEMAND FOR JURY TRIAL</u>

ALL PLAINTIFFS hereby demand a trial by jury of all issues so triable.


Dated this 16TH  day of March, 2026.




*HAYNES LAW, P.A.*


<u>Carlus L. Haynes</u>
**CARLUS HAYNES, ESQ.**
Florida Bar Number:
8615 Commodity Circle, Unit 6
Orlando, Florida 32819
Telephone: (407) 246-0077
Facsimile: (407) 246-0078
Email:  champ@fighting4ulaw .com
Attorney for PLAINTIFF
XAMONDRIA JONES

16